CAROL A. SUNBURY *v.* DONALD C. SUNBURY
(13933)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued November 7—decision released December 25, 1990

*Zbigniew S. Rozbicki,* for the appellant (plaintiff).
*Sherman M. Tonkonow,* for the appellee (defendant).

COVELLO, J. This is an action for the dissolution of a marriage. The dispositive issue is whether, after an order of remand, the trial court correctly valued the parties' assets as of the date of the original dissolution as opposed to the date of the subsequent rehearing. We conclude that the trial court correctly valued the parties' assets as of the date of the dissolution and accordingly, affirm the trial court's judgment.

The procedural history of the matter is as follows: On December 5, 1985, the trial court, *Gaffney, J.,* rendered judgment dissolving the parties' twenty-seven year marriage. As an incident to the decree, the trial court found the value of the marital home to be $75,000, awarded the home to the defendant, and entered orders directing the defendant to pay to the plaintiff: (1) lump sum alimony of $35,000 payable in two years or upon the sale of the family home, whichever event occurred first; (2) periodic alimony of $75 per week for two years from December 5, 1985; and (3) counsel fees of $1000.

The plaintiff appealed to the Appellate Court. The Appellate Court agreed with the plaintiff's contention that the defendant's net income had been erroneously calculated and that the order of periodic alimony was thereby flawed.[1] It therefore set aside the trial court's

---

[1] In representing his weekly net income, the defendant had deducted approximately $150 in payments to an individual retirement account and a profit sharing plan. The Appellate Court held that these should not have been excluded in determining the defendant's net income.

judgment "with respect to its order of periodic alimony only and . . . remanded [the case] for further proceedings." *Sunbury* v. *Sunbury,* 13 Conn. App. 651, 662, 538 A.2d 1082 (1988).

On June 3, 1988, we granted the plaintiff's petition for certification and thereafter concluded that "[t]o limit the remand in this case to the issue of periodic alimony [only] would impede the trial court's ability to weigh the statutory criteria for financial orders to achieve an equitable result." *Sunbury* v. *Sunbury,* 210 Conn. 170, 174–75, 553 A.2d 612 (1989). We further concluded that "[o]n the *facts of this case* . . . the trial court on remand could no more fashion just and equitable financial orders by reconsidering only the issue of periodic alimony, than it could reassemble a broken vase with only one piece." Id., 173. Accordingly, we reversed the judgment of the Appellate Court and remanded the case for further proceedings that would include a reconsideration of all financial orders.

On December 22, 1989, the trial court, *Byrne, J.,* entered new financial orders and rendered judgment directing the defendant to pay the plaintiff: (1) lump sum alimony of $35,000 together with interest at the rate of 8 percent; (2) periodic alimony of $110 per week for two years from December 5, 1985; and (3) counsel fees of $3000. The plaintiff again appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

On appeal, the plaintiff contends that the trial court erred in valuing the parties' assets as of December 5, 1985, the date of the dissolution of their marriage, instead of August, 1989, the date of the hearing that followed this court's order of remand. Specifically, the plaintiff contends that she was erroneously precluded from introducing evidence at the second hearing establishing that: (1) the marital home awarded to the

defendant by the first decree was sold for $120,000 during the pendency of the appeal; and (2) the defendant's employee profit sharing plan had quadrupled in value during the same period.

The division of property and the entry of orders of alimony in dissolution proceedings are governed by General Statutes §§ 46b-81 (a) and 46b-82. Section 46b-81 (a) provides in part: *"At the time of entering a decree* . . . dissolving a marriage . . . the superior court may assign to either the husband or wife all or any part of the estate of the other."* (Emphasis added.) Similarly, § 46b-82 provides in part: *"At the time of entering the decree,* the superior court may order either of the parties to pay alimony to the other . . . ."* (Emphasis added.) The only temporal reference in the enabling legislation refers us to the time of the decree as controlling the entry of financial orders. It is neither unreasonable nor illogical, therefore, to conclude that the same date is to be used in determining the value of the marital assets assigned by the trial court to the parties. "In the absence of any exceptional intervening circumstances occurring in the meantime, [the] date of the granting of the divorce would be the proper time as of which to determine the value of the estate of the parties upon which to base the division of property." *Brackob* v. *Brackob,* 265 Wis. 513, 518, 61 N.W.2d 849 (1953). An increase in the value of the property following a dissolution does not constitute such an exceptional intervening circumstance.

Section 46b-81 (a) involves the assignment of *marital* assets. To the extent that the plaintiff seeks consideration of a postdecree appreciation in the value of property, such appreciation, having occurred after the termination of the marriage, is no longer a marital asset. Further, General Statutes § 46b-86 sets up a separate and distinct procedure for the modification of

orders of alimony and support after the date of a dissolution judgment.[2] This statute authorizes modifications "upon a showing of a substantial change in the circumstances of either party." In view of a procedure that authorizes modifications based upon a "substantial change," it becomes important to fix the parties' circumstances at some point in time to serve as a bench mark from which the "substantial change" required by § 46b-86 may thereafter be measured.

Such a construction of our dissolution statutes also comports with well recognized principles regarding the finality of actions. "It is not in the public interest . . . to condone a procedure which would permit a plaintiff to litigate the same question over and over again, encumbering the mechanisms our society has established to resolve disputes . . . . Litigation must end at some point. The rules of res judicata are designed to accomplish this important public policy." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 321, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973).

The judgment is affirmed.

In this opinion the other justices concurred.

---

[2] General Statutes § 46b-86 (a) provides in part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party."