[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION TO MODIFY JUDGMENT
On February 1, 1984, in the Superior Court of the Judicial District of Hartford/New Britain at Hartford, the court, (Shapiro, State Trial Referee), ordered that the marriage of the plaintiff, John A. O'Reilly, Jr., and defendant, Mary L. O'Reilly, be dissolved. The relevant portion of the judgment for this matter states the following:
AND THAT pursuant to General Statutes Sec. 52-22
the plaintiff husband's interest in the title to the realty known as 2 Pine Tree Shilling, Unionville, Connecticut, is hereby transferred to the defendant wife. The defendant wife shall assume the mortgage payments thereon and further the defendant wife shall save the plaintiff husband harmless therefrom.
AND THAT there shall be a lien on said property vested in the plaintiff husband from the defendant wife in the amount of TWENTY FIVE THOUSAND ($25,000) DOLLARS, without interest, which shall become due and payable upon the first of the following occurrences.
1. Death of the defendant wife.
2. Remarriage of the defendant wife. CT Page 10604
 3. The defendant wife places the said property known as 2 Pine Tree Shilling, Unionville, Connecticut, on the market for sale.
4. The defendant wife vacates the said property.
 5. The eighteenth (18th) birthday or the youngest child.
On April 6, 1984, the defendant executed a Mortgage Deed and Promissory Note to the plaintiff in the amount of $25,000.00 at the terms referred to in the judgment.
The defendant has filed a Motion for Modification requesting this court to subordinate said judicial lien and subsequent mortgage deed to a $10,000.00 mortgage, sought by the defendant, the proceeds of which are allegedly to be used exclusively for the benefit of the children, by way of college expenses. The plaintiff has objected to the proposed subordination.
ISSUE
The issue in this case is whether the court has continuing jurisdiction to modify a judgment providing for the assignment of property under General Statutes 46b-81.
DISCUSSION
"The division of property and the entry of orders of alimony in dissolution proceedings are governed by General Statutes 46b-81(a) and 46b-82." Sunbury v. Sunbury, 216 Conn. 673,676, 583 A.2d 636 (1990). "Further, General Statutes46b-86 sets up a separate and distinct procedure for the modification of orders of alimony and support after the date of a dissolution agreement." Id., 676-77.
General Statutes 46b-86(a) states, in pertinent part. "This section shall not apply to assignments under section 46b-81 or to any assignment of an estate or a portion thereof of one party to the other party under prior law."
 General Statutes 46b-81 provides, in pertinent part: (a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior or court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third CT Page 10605 person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect.
"Whether an award of alimony is subject to modification depends upon its nature. `Alimony consisting of a specific portion of an estate or of a specific sum of money . . . is a final judgment which the court cannot modify even should there be a change of circumstances.' Viglione v. Viglione, 171 Conn. 213,215, 368 A.2d 202 (1976)." Turgeon v. Turgeon, 190 Conn. 269,282, 460 A.2d 1260 (1983).
"[A] trial court has no jurisdiction to alter the terms of that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes 46b-81; Bunche v. Bunche, 180 Conn. 285, 289,429 A.2d 874 (1980); Viglione v. Viglione, 171 Conn. 213, 215,368 A.2d 202 (1976) . . . The purpose of property assignment to divide equitably the ownership of the parties' property; McPhee v. McPhee, 186 Conn. 167, 170, 440 A.2d 274 (1982) . . . " Berg v. Berg, 24 Conn. App. 509, 513, 589 A.2d 885 (1991).
The court in Bunche, supra, 288-89, in reference to the superior court's continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes 46b-81, stated:
It remains for us to consider whether the applicable statutes authorized the court to modify the assignment of property contained in the judgment. General Statutes46b-86(a) provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law." This provision confers on the court continuing jurisdiction, except where precluded by the decree, to modify orders for the periodic payment of permanent or pendente lite alimony or support upon a showing of a substantial change in circumstances of either party. See Vigilone v. Viglione, 171 Conn. 213, 215, 368 A.2d 202 (1976). By its terms, the statute deprives the Superior Court of continuing jurisdiction over that portion of a dissolution CT Page 10606 judgment providing for the assignment of property of one party to the other party under General Statutes46b-81.
The court in Bunche, supra, 289, further stated:
 The plaintiff claims, however, that the portion of the judgment relating to her option to purchase the jointly owned home was not an assignment of property within the meaning of General Statutes 46b-81. This claim is without merit. The court's dissolution judgment which gave to the plaintiff the option to buy out the defendant's interest in the jointly owned home for 40 percent of its fair market value in effect assigned to the plaintiff at least 10 percent of the defendant's interest in that property and was clearly ordered under the authority of 46b-81. In any event, that portion of the judgment sought to be modified was not a final order for the periodic payment of permanent alimony or support. See General Statutes 46b-81(a); Clark, Domestic Relations 14.8.
The court in Garrison v. Garrison, 190 Conn. 173, 176-177,460 A.2d 945 (1983), in reference to the issue of a mortgage as an interest in property, stated:
 The trial court, pursuant to General Statutes 46b-81, assigned certain jointly owned real property to the plaintiff, and also required that on that property `[t]he plaintiff shall grant a $25,000.00 non-interest bearing mortgage to the defendant., which mortgage shall become due and payable at such time as the property is sold or the plaintiff remarries, whichever occurs first.' The defendant claims that this mortgage is void because it violates the rule against perpetuities . . . . This claim is without merit. The rule against perpetuities is applicable only if an interest is not vested . . . . In a title theory state such as Connecticut, a mortgage is a vested fee simple interest subject to complete defeasance by the timely payment of the mortgage debt.
Clearly the mortgage deed from the defendant to the plaintiff conveyed to the plaintiff an interest in the subject property.
The court in Ammirata v. Ammirata, 5 Conn. App. 198, 201,497 A.2d 768 (1985), in considering the applicability of46b-81, stated:
The assignment to the plaintiff of the jointly CT Page 10607 owned home subject to the existing mortgages was an assignment of property within General Statutes 46b-81(a). That portion of the judgment which the defendant sought to have modified was not a final order for the periodic payment of permanent alimony or support as specified in General Statutes 46b-86(a). Bunche v. Bunche, supra, 289. Hence the trial court has no jurisdiction to alter the terms of the property assignment.
CONCLUSION
The assignment of the real property in this case and the judicial lien in favor of the plaintiff clearly are an assignment of property within the purview of Conn. Gen. Stat.46b-81. There is no ambiguity in the language of the judgment. Accordingly, this court has no jurisdiction to clarify, rectify or modify the assignment by subordination or in any other manner. Parenthetically, it is noted that if the court were to allow the requested subordination no safeguards could protect the plaintiff's lien in the future from further subordination, thereby dishonoring the priority of the judicial lien.
For the foregoing reasons and upon the foregoing authorities, the motion for modification is denied.
CLARENCE JONES, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 10620