[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#103)
This action was commenced by an application of Reginald T. Joyner and James Darin McDanel, Sr. as Guardian of James Darin McDanel, Jr. for an order requiring the defendant, Quentin H. McDonald to comply with a discovery request in a Massachusetts lawsuit and by an Order to Show Cause on July 24, 1992. The order directed that the defendant be served on or before August 5, 1992 and appear on August 17, 1992.
The defendant has filed an unopposed motion to dismiss this action claiming that there is not a proper writ of summons in the case. The citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant and to summon the defendant to a particular sitting of a particular court on a specified day. McQuillan v. Department of Liquor Control, 216 Conn. 677, 671 (1990). "The citation, signed by a competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . ." Id. (Emphasis added).
"A writ of summons is a statutory prerequisite to the commencement of a civil action." Hillman v. Greenwich, 217 Conn. 520, 526 (1991). A writ of summons "is an essential element to the validity of the jurisdiction of the court." Id. The use of an Order to Show Cause, accompanied by a proper citation, is not necessarily fatal to the court's jurisdiction in a matter even if an improper form is used. McQuillan, 216 Conn. at 671-73. It has been held that "as long as [the form used] contains a proper citation, signed by a competent authority, the use of an improper form does not call into question the jurisdiction of the Superior Court to entertain the [action]. . ." Id. at 672.
The Order to Show Cause was signed by the judicial authority, but the citation was unsigned even though it contained a space for the signature of the plaintiff's attorney. Since our Supreme Court has stated that the jurisdiction of the court is unaffected as long as the citation is signed CT Page 9370 by the proper authority, an unsigned citation necessarily affects the jurisdiction of the court. The unsigned citation therefore deprives the court of jurisdiction. See Id. at 672.
For the reasons stated, the motion to dismiss is granted.
PICKETT, J.