[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties in the above-captioned matter was dissolved by this Court (Cohen, S.T.R.) on October 17, 1983. As part of the judgment the Court entered certain financial and property distribution orders.
Four years later, in 1987, the plaintiff moved this Court to open the judgment citing the fraud and misrepresentation of the defendant regarding the value of his assets. The Court (Sullivan, J.) denied the motion. CT Page 10779
In October, 1990, the Appellate Court reversed, in part, Judge Sullivan's decision and the case was remanded for further financial and property distribution orders.
After a hearing upon remand, this Court independently notes the following finding of facts and conclusions.
At the time of the dissolution, October 17, 1983, the defendant provided the Court and the plaintiff with a financial affidavit disclosing, inter alia, his interest in his own business which he described as "unvalued stock", with a question mark in lieu of a valuation.
The defendant had sold his business on August 1, 1983, some 10 weeks earlier, for $340,000.00.
The defendant's conduct was a deliberate fraudulent and egregious concealment of approximately 99.5 percent of his assets and constituted a fraud on both the Court and on the plaintiff necessitating the opening of the 1983 judgment for the purpose of rehearing the financial and property issues.
The date of the original judgment of dissolution is found to be the proper date for valuation of the parties' assets, except as hereinafter noted.
The defendant has maintained that the date of the Court's remand hearing should properly be the date of valuation. He claims that the plaintiff's lack of diligence in responding to his fraudulent behavior allowed the asset picture to change dramatically and, for the most part, to the defendant's detriment. More precisely, the defendant maintains that the plaintiff's dilatory conduct constitutes a "substantial intervening circumstance" which permits the Court to use the remand hearing date as the date of valuation of the marital assets. See Sunbury v. Sunbury, 216 Conn. 673,676 (1990); Brackob v. Brackob, 265 Wis. 513, 518,61 N.W.2d 849 (1953).
The Appellate Court has remanded the instant case for the purpose of rehearing the financial and property issues. Greger v. Greger, 22 Conn. App. 596, 600 (1990). It did so noting that the plaintiff did not act with diligence, yet, further noting, inter alia, "a misrepresentation of assets and income is a serious and intolerable dereliction . . . which CT Page 10780 goes to the very heart of the judicial proceeding." Greger, page 600, citing, Casanova v. Casanova, 166 Conn. 304, 305
(1974).
To consider the plaintiff's lack of diligence as a "substantial intervening circumstance", thereby allowing the evaluation of the assets as of the remand hearing date, would literally amount to rewarding the defendant for his fraud.
This Court will not permit that.
If there is any "substantial intervening circumstance" to be found in this case since the date of dissolution, it is the change in the status of the defendant's U.S. Army pension. By federal law that fund is now accessible by the plaintiff as a marital asset; in 1983, it was not.
While there is little Connecticut Case Law as to what a "substantial intervening circumstance" is, this Court on the facts presented, finds the change in the status of the defendant's U.S. Army pension from non-accessible to accessible as a marital asset to be a "substantial intervening circumstance." Such a change in the status of the pension is distinguishable from the mere appreciation of such an asset found not to be a "substantial intervening circumstance" in the Sunbury case.
It is further noted that the pension, representing over 20 years of military service was accrued by the defendant during all but "three or four years" of his marriage to the plaintiff. It was only a governmental regulation, now removed, which prevented the plaintiff from sharing in the value of that asset at the time of the dissolution.
For the foregoing reasons the Court finds that the defendant's U.S. Army pension is not only includable as a marital asset, but that it is includable as valued at the time of the remand hearing.
This Court is not reticent about restructuring the property distribution of the parties to include the defendant's military pension at its current value for one additional reason. Where there is proof of substantial undisclosed assets unknown to one party and the Court at the time of the dissolution, such evidence is sufficient to CT Page 10781 compel a conclusion of uncontemplated change in the circumstances of the other party within the meaning of Section 46b-86(a) Conn. Gen. Statutes. LaBow v. LaBow,13 Conn. App. 330 (1988).
The fact that the pension benefit is not the asset which was fraudulently concealed by the defendant does not preclude the court from adding that pension into the asset picture.
As noted in Sunbury, supra, p. 675, this court, on remand, "could no more fashion just and equitable financial orders by reconsidering only the issue of periodic alimony, than it could reassemble a broken vase with only one piece." The remand requires a reconsideration of all financial orders.
Using the October 17, 1983 asset picture, the Court finds that in addition to the assets disclosed in his financial affidavit, the defendant was vested in a pension for his service with the U.S. Army[1] and was the owner of stock, or the proceeds from the August 1, 1983 sale of said stock, in the Roland Dumont Agency, having a value of $340,000.00.
For the foregoing reasons, the Court enters the following orders.
The defendant is ordered to assign to the plaintiff thirty (30%) per cent of the accrued benefits attributable to Credited Service from the date of the defendant's initial participation in the aforementioned U.S. Army Pension Plan. Said assignment is to be via a Qualified Domestic Relations Order (QUADRO) or under the appropriate federal statutes and regulations as may be applicable.
The Court further orders the defendant to pay to the plaintiff's attorney Counsel fees of $12,500.00 as those fees were incurred as a result of the defendant's fraud on both the plaintiff and this Court. Said fees are to be paid within nine months from this judgment.
The Court further orders the defendant to pay to the plaintiff periodic alimony in the amount of $200.00 per week period of 10 years, non-modifiable as to duration and secured by an immediate wage execution. CT Page 10782
The Court further orders that of the sum of approximately $10,000.00 held in escrow by Attorney John A. Berman, $8,000.00 of that amount is awarded to the plaintiff to be applied to her attorney's fees and the balance is to be distributed to the defendant.
The defendant is ordered to maintain the existing insurance on his life in the amount of $250,000.00 and pay the cost of all premiums. The plaintiff shall be named the irrevocable beneficiary of said policy.
The defendant is further ordered to transfer to the plaintiff all of his right, title and interest in and to the Condominium residence known as The Cove, Unit 46, Orleans, Massachusetts within six months from the date of this judgment.
BY THE COURT, JOSEPH W. DOHERTY, JUDGE