[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REARGUE AND DEFENDANT'S MOTION FOR ARTICULATION OF THE MEMORANDUM OF DECISION DATED DECEMBER 1, 1992
Subsequent to the rendition by this Court of its Memorandum of Decision dated December 1, 1992, the plaintiff filed a Motion For Reargument and the defendant filed a Motion For Articulation.
Having granted the Motion for Reargument and having heard argument on both motions, the Court enters the following orders.
The defendant is ordered to pay to plaintiff's counsel the total sum of $12,500.00 as the defendant's contribution to the plaintiff's counsel fees. From the sum of approximately $10,000.00 being held in escrow by Attorney John A. Berman, $8,000.00 of said sum is to be applied to and considered a credit towards the aforementioned $12,500.00 attorney's fee.
The order for periodic alimony recited on Page 7 of the Memorandum of Decision dated December 1, 1992, is vacated and the following orders are entered.
Pursuant to the holding in Sunbury v. Sunbury, 216 Conn. 673,675 (1990), the defendant is ordered to pay to the plaintiff the sum of $200.00 per week as periodic alimony from October 17, 1983, the date of the judgment herein, until the date of this order. From the date of this order, the defendant shall pay to the plaintiff as periodic alimony, the sum of $1.00 per year until the death of either party, the remarriage of the plaintiff, or upon her cohabitation with an adult male.
The arrearage resulting from this order, if any, is to be paid by the defendant to the plaintiff forthwith at the rate of $200.00 per week.
Either party shall have the right to have the exact amount of any such arrearage established after hearing by this Court, with credit to be given to the defendant for all payments made thereon as established by competent evidence and testimony.
The Court's order that the defendant maintain $250,000.00 of insurance on his life, with the plaintiff named as irrevocable beneficiary thereon, is vacated. CT Page 5361
Pursuant to the recent ruling in Michel v. Michel, 31 Conn. App. 338
(1993), this Court is without all of the information necessary to craft an appropriate order regarding such insurance. Without competent evidence and testimony as to the cost and availability of such insurance, the court at this time lacks a reasonable basis in fact for such order.
In regard to the request by the plaintiff for the assignment of an additional 20% of the defendant's U.S. Army pension as security for his compliance with the financial and property orders entered herein, this Court declines to enter such order at this time. Unless and until the plaintiff seeks and obtains from this Court a finding that the defendant is in fact in violation of such orders of this Court, any such security is inappropriate.
The Court reiterates its previous order that the defendant is to convey to the plaintiff all of his right, title and interest in and to the real property known as The Cove, Unit 46, Orleans, Massachusetts. Said conveyance is to be without any additional encumbrances since August 3, 1992, and all taxes thereon shall be current to the date of transfer. In the event the defendant shall fail to transfer said condominium to the plaintiff within six months of the order to do so, title shall pass to the plaintiff in accordance with 46b-81, Conn. General Statutes.
BY THE COURT:
Joseph W. Doherty, Judge