[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action returnable January 29, 1991, wherein the plaintiff claims a dissolution of the marriage and other relief CT Page 1071-J and wherein, the defendant filed a cross complaint claiming a dissolution of marriage and other relief was originally tried to the court on July 30 and 31, 1991. The court, (Myron Ballen, J.) entered judgment on or about August 7, 1991.
However, the plaintiff, Betty Ann Mathis appealed said judgment. Said judgment was reversed as to financial orders and the case was remanded for further proceedings. See Mathis v.Mathis, 30 Conn. App. 292 (1993).
The remand hearing was held consistent with Sunbury v.Sunbury, 216 Conn. 673 (1990), in that all matters were entertained as of or prior to July 30 and July 31, 1991.
The plaintiff, whose date of birth is May 16, 1938 was fifty-three years of age as of July 31, 1991. The plaintiff was on medical disability leave from her employment at Sikorsky's and was receiving $270.00 per week as disability income. The plaintiff testified that at the outset of her marriage on May 16, 1977, her health was generally good but during the course of this fourteen year marriage her health generally deteriorated, so that CT Page 1071-K she categorizes herself as being in poor health. Some of her deteriorating health conditions are a result of the instant marriage. She continues to treat with a psychiatrist due to reasons attributable to her marriage.
The defendant whose date of birth is September 20, 1950 was forty years of age as of July 31, 1991. The defendant is gainfully employed as a line mechanic at Leonard Schwartz Nissan, West Haven, Connecticut. Parenthetically it should be pointed out that prior to this marriage, the first of which for the defendant and the third of which for the plaintiff, the defendant had only achieved a tenth grade education. However, shortly after the marriage of the parties, the defendant attended an automotive technical school, the cost of which was generally paid by the plaintiff. The defendant enjoyed good health at the time of the marriage and continues to enjoy good health at the time of the dissolution of the marriage.
This marriage, although at times free of turmoil, was generally tumultuous and had broken down by the late nineteen eighties. The defendant vacated the marital premises in November CT Page 1071-L 1990 and did not return. Both parties contributed to the breakdown of the marriage, but it would serve little purpose to detail the factors and/or incidents contributing to said breakdown. Nor would it serve any useful purpose to ascribe the degree or percentage of fault attributable to either party.
The court has considered all of the criteria of §§ 46b-62,46b-81 and 46b-82 of the Connecticut General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court to ritualistically rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368, this court will not recount those statutory criteria and the evidence, other than has been previously stated or may be hereinafter stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234
(1982).
By way of property settlement, the court enters the following orders:
(a) The defendant husband shall convey all his right, title CT Page 1071-M and interest in and to the real estate known as 1-3 Eleanor street, Stratford, Connecticut to the plaintiff wife. The plaintiff shall hold the defendant harmless from any and all liabilities thereon or connected therewith, including but not limited to first mortgage, equity line mortgage, taxes, insurance, repairs, etc. In support of said award, the court finds that the subject premises was owned by the plaintiff wife at the time of the marriage having been acquired by her prior to the marriage to the defendant and further, the plaintiff transferred a title interest in said property to the defendant in order to obtain a mortgage. This prior transfer of title was done for the mutual benefit of both parties to obtain a mortgage and further at the insistence of the defendant. Further, said conveyance was not done out of love and affection by the plaintiff for the defendant.
(b) The defendant shall transfer and convey all his right, title and interest in an to a certain 1988 GMC pickup truck and further, the defendant shall promptly sign and deliver any and all documentation necessary to accomplish said transfer of said pickup truck. CT Page 1071-N
(c) The plaintiff wife shall transfer all her right, title and interest in and to a certain 1979 Pontiac Firebird Formula motor vehicle and shall promptly sign and deliver any and all documentation necessary to accomplish said transfer of said Pontiac Firebird.
(d) The plaintiff shall retain without claim by the defendant, all right, title and interest to a certain wall entertainment unit and a certain Casablanca fan.
(e) The plaintiff shall transfer and convey all her right, title and interest to the defendant to that certain Boss 429 Mustang car together with parts and a certain SOHC overhead cam engine with all parts pertaining thereto and a certain MACH I 1970 Mustang and/or parts and all automotive tools to the defendant. The plaintiff is further ordered to transfer and assign to the defendant all documentation pertaining to said motor vehicle, parts, engines, etc. The plaintiff shall also promptly sign and: deliver any and all documentation necessary to accomplish said transfer of said motor vehicles, parts, engines and tools, etc. CT Page 1071-O
(f) The plaintiff shall retain all right, title and interest to the People's Bank checking and savings account as shown on her financial affidavit dated July 30, 1991, without claim by the defendant.
(g) The plaintiff shall retain all right, title and interest free from claim by the defendant to all household furniture and furnishings pertinent to the real estate at 1-3 Eleanor street, Stratford, Connecticut.
(h) The plaintiff shall retain all her garden and lawn care tools.
(i) Again by way of property settlement, the defendant shall pay to the plaintiff, the sum of $42,000.00 as lump sum alimony, payable at the rate of $100.00 per week without interest and continuing for 420 consecutive weeks. Said weekly payments shall commence 30 days after the expiration of the appeal :period herein. By way of explanation, the evidence indicated that the cost of the Boss 429 car and parts together with the cost of SOHC CT Page 1071-P motor was approximately $42,000.00, which sum was paid mostly, if not all, from the refinance or equity loans to which the real estate is subject to. In that the plaintiff is still obligated to continue to make the mortgage payments, the defendant is obligated to pay the plaintiff for the cost of said BOSS 429 car and parts and SOHC motor. Further, the defendant is ordered to furnish a lien to the plaintiff to secure the payment of said $42,000.00 intending herein; that in the event the defendant should sell any or all of said parts or items of personal property, the defendant would pay the; plaintiff the balance due on the said $42,000.00 lump sum alimony or so much as the proceeds of any sale amounts to.
(j) The defendant shall retain all his right, title and interest in and to a certain life insurance policy at Prudential Insurance Company together with a NADART Pension, both of which are shown on his said financial affidavit dated July 30, 1991, free of claim by the plaintiff.
(k) The plaintiff shall retain all her right, title and interest in and to her Sikorsky Pension, if any, free of claim by CT Page 1071-Q the defendant.
(l) The defendant is awarded all right, title and interest to all Scuba gear with the exception of the plaintiff's scuba suit if any.
By way of periodic alimony, the defendant shall pay the plaintiff the sum of $50.00 per week.
MORAN, J.