[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION, MODIFICATION AND ARTICULATION, DATED JUNE 11, 1997, CODED 189
The plaintiff's motion for reconsideration and modification is denied. The plaintiff's motion for articulation is denied except as hereinafter stated:
I. The plaintiff seeks to have the court articulate its decision on the "claim of law raised by the plaintiff" and to articulate "the factual basis therefor" regarding exceptional intervening circumstances. The plaintiff filed a memorandum, dated April 7, 1997, regarding "facts constituting exceptional intervening circumstances." Those claims had to do with changes in the New York pension picture, changes in the liquor store picture, changes in the parties' earned income and financial status, and changes in the picture of the family house. This court ruled and continues to hold that none of those claims constitute exceptional intervening circumstances.
A. THE NEW YORK PENSION PLAN
It is true that the defendant, after the dissolution of marriage on November 9, 1992, elected to retire and draw his pension under the New York State pension plan and did not elect a joint and survivorship option. This court finds that the failure to make that election does not constitute an exceptional intervening circumstance within the rule of Sunbury v. Sunbury,216 Conn. 673 (1990). The plaintiff, in her memorandum in support CT Page 7374 of her motion for reconsideration, modification and articulation, dated June 11, 1997, coded 109, claims that she had a "legally protected interest" in the pension's survivor benefit. This court ruled in the memorandum of decision, dated June 4, 1997, that the plaintiff does not have any legally protected interest in the survivor benefit. The question of whether to require some type of life insurance to be provided as an alternate for joint survivorship benefits, rests within the sound discretion of the court and is not a matter for which the plaintiff has a legally protected interest.
B. THE LIQUOR STORE AND FAMILY HOME
In so far as the question of changes in the liquor store picture and changes in the picture of the family home, Sunbury ruled that an increase in the value of the property following a dissolution does not constitute an exceptional intervening circumstance. This court holds that a decrease in the value of property following dissolution also does not constitute an exceptional intervening circumstance.
C. INCOME AND FINANCIAL STATUS
The plaintiff also claimed changes in the parties' earned income and financial status. This court finds that a change in income and financial status does not constitute an exceptional intervening circumstance but rather under Sunbury can form the basis under § 46b-86 for modification of orders of alimony. Further, in ruling on the plaintiff's request that the defendant make available additional life insurance, this court also considered the ruling of Michel v. Michel, 31 Conn. App. 338
(1993). In this case, there was not any evidence whatsoever presented as to the availability of additional life insurance for the defendant. Without knowing the availability of such insurance, the court could not order that the defendant provide such insurance for the plaintiff.
II. The plaintiff seeks an articulation of whether the Old Saybrook cottage property was treated as marital or nonmarital property and why. The Old Saybrook cottage property was treated as marital property because the plaintiff owned a one-half interest in it as of November 19, 1992. The claims raised by the plaintiff on pages 19-20 of her brief dated April 25, 1997 were rejected, based on Watson v. Watson, 221 Conn. 698, 710-711
(1992), where the court stated in part as follows: CT Page 7375
 Although the court is required to consider the statutory criteria . . . no single criterion is preferred over all the others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. . . . The fact that the defendant, subsequent to his marriage to the plaintiff, received substantial real property from his parents in his name only does not operate to exclude this property from the marital assets.
III. The plaintiff also seeks an articulation as to why the $135,000 was selected as the fair market value of the cottage.
This court accepted as credible the testimony of the defendant's expert appraiser as found in the transcript dated October 21, 1992.
IV. The plaintiff seeks an articulation as to whether the "arrearage" of $54,157.60 was included as one of the assets credited to the plaintiff in computing the 38 percent/62 percent allocation. The arrearage of $54,157.60 was not included as one of the assets credited to the plaintiff in computing the 62 percent/38 percent allocation.
V. The plaintiff seeks an articulation to explain when the current payments of the plaintiff's 38 percent of the monthly payments from the New York pension are to begin.
The current payments of the plaintiff's 38 percent share of the monthly payments from the New York pension are to begin with the first month that the defendant receives any monthly payments on or after June 4, 1997. In the event there is any delay in the commencement of those monthly payments from the New York Teachers' Retirement System directly to the plaintiff, then the defendant himself is to make the 38 percent payments directly to the plaintiff from the monthly payments he receives. The requirement that the defendant make the 38 percent monthly payments directly to the plaintiff is subject to whatever stay provisions are in place as a result of motions filed by the plaintiff.
VI. PLAINTIFF'S DANBURY MUNICIPAL PENSION CT Page 7376
The plaintiff seeks an articulation and clarification as to how this pension is to be "divided equally" between the parties upon maturity.
This pension is to be "divided equally" between the parties upon maturity by each party receiving an equal amount of each payment that s received. The plaintiff may select any payout option she wishes and is lot required to select a joint and survivor option. The memorandum of decision of June 4, 1997 did not restrict the plaintiff as to the option that she could elect. She may select whatever option desired provided that option gives to each party an equal amount of each payment received.
VII. STIPULATION FOR THE NEW YORK TEACHERS' RETIREMENT SYSTEM
A typographical error found on line 5 of page 18 is corrected by changing the word "defendant's" to "plaintiff's."
VIII. A typographical error is also found on page 17 of the court's memorandum of decision dated June 4, 1997. "The arrearage for the months of February, 1994 through May, 1994 (four months) amounts to $5415.76 for a total arrearage of $54,157.60" is corrected to read: "The arrearage for the months of February, 1997 through May, 1997 (four months) amounts to $5415.76 for a total arrearage of $54,157.60."
Axelrod, J.
MEMORANDUM OF DECISION RE: 1. PLAINTIFF'S MOTION FOR PENDENTE LITE MODIFICATION, CODED 167; 2. DEFENDANT'S MOTION FOR TERMINATION OR MODIFICATION OF ALIMONY, CODED 188; AND 3. PLAINTIFF'S SUPPLEMENTAL MOTION TO MODIFY, CODED 190.