[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REARGUE THE DECISION AND ALTER THE TERMS OF THE DECISION
This court allows the plaintiff to reargue the court's decision of August 27, 1991. The motion to reargue raises the following claims:
(I) The trial court erred ordering plaintiff to pay an arrearage.
(II) The trial court erred ordering defendant to receive one-half of plaintiff's Weston Reserve IRA.
(III) The trial court's order of interest on the pension arrearage is potentially punitive.
(IV) The trial court's order for the procedure for payment of any arrearage is inequitable.
(V) The trial court's order providing the surviving children of the defendant with her share of plaintiff's pension is inequitable.
These claims will be discussed seriatim.
I. THE PLAINTIFF'S CLAIM THAT THE TRIAL COURT ERRED ORDERING THEPLAINTIFF TO PAY AN ARREARAGE.
The plaintiff makes the following argument, in part, regarding the first claim:
"The Plaintiff knows of no legal or equitable precedent for the finding of an arrearage dating back to January of 1992 based on a new order never existing until March of 2001. An arrearage cannot accrue on an order which never existed. The Plaintiff respectfully submits the order requiring the Plaintiff to pay an arrearage for a period of time prior to this Court's CT Page 3386 decision of August 27, 2001, is contrary to the Supreme Court's remand order requiring new orders. The Plaintiff requests the opportunity to reargue this part of the decision."
The Court is not persuaded by that argument. The rule on remand is that in the absence of any exceptional intervening circumstances occurring in the meantime, the date of the granting of the divorce would be the proper time at which to value the estate of the parties upon which to base the division of property. Sunbury v. Sunbury, 216 Conn. 673, 676, 583 A.2d 636
(1990). The remand order in this case was for a new hearing to establish a new set of comprehensive financial orders. Those new financial orders are to be effective as of the date the marriage was originally dissolved.
The court, therefore, denies the plaintiff's request to alter this order.
II. THE PLAINTIFF'S CLAIM THAT THE TRIAL COURT ERRED IN ORDERINGDEFENDANT TO RECEIVE ONE-HALF OF PLAINTIFF'S WESTON RESERVE IRA.
Plaintiff raises the following claim regarding issue number
II:
 "The Defendant in her Motion for Contempt dated July 23, 2001, attached as Exhibit C a statement from Weston Reserve which evidences that Mario S. Rosato's account was not issued until February 2, 1994. Plaintiff recalls no evidence at the hearing establishing the existence of this account at the time of the original dissolution."
At a short calendar hearing the plaintiff withdrew this claim and there is, therefore, no reason to rule on this claim.
III. THE PLAINTIFF'S CLAIM THAT THE TRIAL COURT'S ORDER OF INTEREST ONTHE PENSION ARREARAGE IS POTENTIALLY PUNITIVE.
The plaintiff raises the following claim regarding issue number III:
"The decision orders "In the event that the payments are not made timely, then interest on the remaining unpaid arrearage is to run at the rate of 8% per annum." This order does not consider that any delay in payment may not be Plaintiff's fault. For instance, CT Page 3387 the delay could be the result of policies and procedures of OPM for which Plaintiff has no control. The Plaintiff respectfully requests the opportunity to reargue this part of the decision."
So much of the decision that orders "in the event that the payments are not made timely, then interest on the remaining unpaid arrearage is to run at the rate of 8% per annum" is revised to read as follows: In the event that the payments are not made timely, as a result of a delay that is as a result of policies and procedures of OPM for which the plaintiff has no control, then interest is not to run on the remaining unpaid arrearage. Any delay in payments by OPM that are as a result of any actions taken by the plaintiff that result in payment delays by OPM will result in interest on the remaining unpaid arrearage running at the rate of 8% per annum.
IV. THE PLAINTIFF'S CLAIM THAT THE TRIAL COURT'S ORDER FOR THE PROCEDUREFOR PAYMENT OF ANY ARREARAGE IS INEQUITABLE.
The plaintiff makes the following claim regarding issue number IV:
 "The trial court's decision details the method by which any pension arrearage owed to the Defendant is to be paid. The decision estimates the arrearage is $72,000.00 and calls for repayment over ten years. If the total arrearage is significantly higher than $72,000.00 then the ten year payment period (Pages 38 and 39 of the Decision) could result in the Plaintiff receiving nothing from his pension for a significant period into the future. The Plaintiff is now 71 years old and the total loss of his pension would be a hardship. The Plaintiff respectfully requests the opportunity to argue that the procedures and/or time periods for any arrearage payment should not be decided until the exact amount of the arrearage, if any, is determined."
The Court is not persuaded by that argument.
Since the date the Memorandum of Decision was filed by this court, additional information has been provided that allows the court to now make a specific arrearage finding. The total amount paid to the plaintiff in pension benefits as of October 31, 2001, was $276,907. That would result in the defendant being entitled to receive one-half of that amount or $138,453.50. She, in fact, received $57,379.30 leaving an arrearage due to her of $81,074.20. That arrearage is $6,074.20 more than the CT Page 3388 illustrative arrearage shown in this court's Memorandum of Decision. In order to pay the arrearage over a 10 year period, the monthly payment amounts to $675.62.
The court, therefore, denies the plaintiff's request to alter this order.
V. THE PLAINTIFF'S CLAIM THAT THE TRIAL COURT'S ORDER PROVIDING THESURVIVING CHILDREN OF DEFENDANT WITH HER SHARE OF PLAINTIFF'S PENSION ISINEQUITABLE.
The plaintiff makes the following claim regarding issue number V:
 "The parties children are all adults with their own careers and ability to earn income. The Plaintiff is now 71 years old and not easily able to supplement his loss of income from the current orders regarding his pension. Furthermore, the present order allows the surviving children to receive this interest even if the Plaintiff has satisfied his pension arrearage obligation to Defendant. it is not equitable to transfer the Defendant's interest in the pension to her surviving children upon her death rather than to Plaintiff absent any factual finding. There was no evidence presented at the hearing of the financial needs of these adult children by comparison to the future needs of the Plaintiff. The Plaintiff respectfully requests the opportunity to reargue this order."
The Court is not persuaded by that argument.
The order of the court was an order that was within the discretion of the court to make. The court, therefore, denies the plaintiff's request to alter this order.
Beatrice M. Rosato is responsible for notifying OPM of the this order. She is also required to certify that this order is currently in force and has not been amended, superceded or set aside.
 ___________________, JTR. AXELROD