******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PETER OLDANI *v.* JACQUELINE OLDANI
(AC 36016)

Lavine, Keller and Bear, Js.

*Argued October 23, 2014—officially released January 13, 2015*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Pinkus, J. [dissolution judgment];
Hon. Howard T. Owens, Jr., judge trial referee [motion
for contempt, financial orders].)

*Edward Kanowitz*, for the appellant (plaintiff).

*Sperry A. DeCew*, for the appellee (defendant).

*Opinion*

LAVINE, J. This marital dissolution matter returns to this court following a remand for a rehearing on all financial orders and attorney's fees. See *Oldani* v. *Oldani*, 132 Conn. App. 609, 628, 34 A.3d 407 (2011) (*Oldani I*). On appeal, the plaintiff, Peter Oldani, claims that on remand the trial court (1) issued orders that exceeded the scope of the remand, (2) failed to hold a hearing on his motion for contempt, and (3) committed other reversible error.[1] We reverse in part and affirm in part the judgment of the trial court.

The following factual and procedural history is relevant to our resolution of the plaintiff's claims on appeal. The plaintiff and the defendant, Jacqueline Oldani, met and married one another in 2002. Id., 611–12. At the time, the plaintiff, who is approximately twenty years older than the defendant, had substantial assets, but the defendant had limited resources. Id., 611. Prior to their marriage, the parties negotiated a prenuptial agreement each with the assistance of counsel. Id., 611–12. The parties' only child was born in June, 2004. Id., 612.

In May, 2008, the plaintiff commenced the present action for dissolution of marriage. Id., 611. He alleged that the marriage had broken down irretrievably, and he sought to enforce the prenuptial agreement in the dissolution proceeding. Id. The defendant filed an answer, special defense and cross complaint, and challenged the enforceability of the prenuptial agreement. Id. On August 10, 2009, the court, *Pinkus, J.*, issued a memorandum of decision, in which it found that the plaintiff's financial statement did not specifically indicate his income at the time the prenuptial agreement was being negotiated; id., 620; but he concluded that "the defendant should have been able to approximate the plaintiff's income from the information she was provided." Id., 622. After concluding that the prenuptial agreement was valid, the court dissolved the marriage of the parties. Id., 611–12. The court also issued certain financial orders in keeping with the prenuptial agreement, which included the payment of property taxes and mortgages on the marital home. Id., 612. In addition, the court also ordered "the parties to sell the jointly owned marital home, with the net proceeds from the sale to be divided equally between the parties." Id.

The defendant filed an appeal with this court on October 26, 2009, and the plaintiff cross-appealed.[2] Id., 613. On appeal, the defendant claimed, in part, that Judge Pinkus improperly concluded that the prenuptial agreement was enforceable; id., 610; because the plaintiff had failed to make fair and reasonable disclosure of his income, and therefore, the agreement was unconscionable at the time the plaintiff sought to enforce it. Id., 614.[3]

In resolving the defendant's claim, this court noted the burden of financial disclosure on the parties relative to a prenuptial agreement: the "burden is not on either party to inquire, but on each to inform, for it is only requiring full disclosure of the amount, character, and value of the parties' respective assets that courts can ensure intelligent waiver of the statutory rights involved." (Internal quotation marks omitted.) *McHugh* v. *McHugh*, 181 Conn. 482, 486–87, 436 A.2d 8 (1980). Following its plenary review of the record, this court concluded that "although the plaintiff may have provided a sufficient approximation of his property holdings and other financial obligations, he failed to provide the defendant with sufficient information regarding his income prior to her signing the prenuptial agreement. Because the plaintiff failed to meet this burden to inform, it was not legally and logically correct for the court to have determined that the prenuptial agreement was enforceable." *Oldani* v. *Oldani*, supra, 132 Conn. App. 624. This court concluded that because the prenuptial agreement was not enforceable, the propriety of Judge Pinkus' financial orders were put in question and that the case had to be remanded "with direction to hold a new hearing as to all financial orders, including attorney's fees."[4] Id. The remand order was issued on December 20, 2011.

On February 3, 2012, the plaintiff filed a request to amend his complaint and an amended complaint that alleged six additional counts, namely, fraud in the inducement, fraud, negligent misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, and obtaining money under false pretenses. The defendant did not object to the request to amend,[5] but filed a motion for summary judgment on April 9, 2012. In her motion for summary judgment, the defendant claimed that, as a matter of law, counts two through seven of the amended complaint were barred on the grounds of collateral estoppel and res judicata. The court, *Wolven, J.*, denied the motion for summary judgment without issuing a written memorandum of decision.[6] On September 5, 2012, the defendant filed an answer to the amended complaint and a notice of bankruptcy.

The parties appeared before the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, over several days in May, June, and July, 2013, to retry the financial orders and attorney's fees. Judge Owens issued a written memorandum of decision on August 14, 2013, in which he stated that he had considered the criteria set forth in General Statutes §§ 46b-81 and 46b-82. Because the cause of the breakdown of the marriage had not been considered during the dissolution trial, Judge Owens heard evidence on the cause of the breakdown of the marriage and concluded that the plaintiff was responsible for the breakdown.

In his memorandum of decision, Judge Owens stated that, during the retrial, a great deal of time "was extended to the plaintiff, who made detailed claims with respect to the assets of the parties as well as an attempt to retry the issue of the prenuptial agreement. The Appellate Court in its judgment relating to the first trial put the issue of the validity of the prenuptial agreement to rest."[7] The court permitted the plaintiff to enter evidence of the history of alimony and support orders, as well as the defendant's failure to make timely payments on the joint mortgages and tax obligations.

The court found that subsequent to this court's remand for a hearing on the financial matters, the defendant had filed a petition in bankruptcy and was at the time waiting for a formal discharge. The court further found that as a result of the "anticipated discharge," the defendant will have a one-half interest in the marital home on Grieb Road in Wilton. The defendant's interest in the marital home was conveyed to her by the plaintiff prior to the breakdown of the marriage. As a consequence of the defendant's bankruptcy, the plaintiff has the full responsibility for the existing mortgage, home equity loan, and real estate taxes. The court found the fair market value of the marital home to be $700,000. The court ordered the plaintiff to liquidate the first and second mortgages to convey his one-half interest in the marital home to the defendant.

The court ordered the plaintiff to be responsible for the medical insurance and the educational support for the parties' child, and one-half of the child's unreimbursed medical and dental expenses until the first of several contingent events occurs. The court also ordered the plaintiff to maintain a policy of insurance on his life in the amount of $125,000 to benefit the defendant and as trustee for the parties' child in equal amounts. The court awarded no alimony, as neither party sought it.

The court ordered the parties to retain sole possession of their own personal property, home furnishings, motor vehicles, bank accounts, and retirement funds. The plaintiff was ordered to retain sole possession of his business interests, financial assets and accounts, and business interests. The defendant was ordered to be responsible for the debts listed on her May, 2013 financial affidavit that are not discharged in bankruptcy. The court found that the defendant was without sufficient funds to pay her attorney's fees and ordered the plaintiff, within sixty days, to pay the defendant $25,000 for attorney's fees. The plaintiff appealed from the judgment with regard to the court's financial awards on August 30, 2013.

I

The plaintiff's first claim is that the court failed to comply with the remand order in *Oldani I*. More specifi-

cally, the plaintiff claims that Judge Owens improperly "did not consider the changes in the parties' financial conditions since 2009 through the date of the new trial, did not reconsider the financial issues, and did not properly recognize [his] new claims arising as a result of the rescript . . . ." Although the court considered matters outside the remand order, the error was harmless and the plaintiff's claim fails.

We first set forth the applicable standard of review. "We review financial awards in dissolution actions under an abuse of discretion standard. . . . In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. . . . In making those determinations, we allow every reasonable presumption . . . in favor of the correctness of the [trial court's] action." (Internal quotation marks omitted.) *Loughlin* v. *Loughlin*, 93 Conn. App. 618, 624, 889 A.2d 902, aff'd, 280 Conn. 632, 910 A.2d 963 (2006).

"A fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding alimony and dividing property as long as it considers all relevant statutory criteria. . . . Further, we note that [t]he issues involving financial orders are entirely interwoven. The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other. . . . Furthermore, trial courts are endowed with broad discretion to distribute property in connection with a dissolution of marriage." (Citation omitted; internal quotation marks omitted.) *Lynch* v. *Lynch*, 135 Conn. App. 40, 45–46, 43 A.3d 667 (2012).

A

The plaintiff claims that the court misinterpreted the *Oldani I* remand order and tried the case under an erroneous standard. We do not agree.

The essence of the plaintiff's claim appears to be that Judge Owens valued the marital home at the time of the remand hearing, not as of the date of the dissolution of the parties' marriage, which occurred in 2009. The marital home apparently had a greater value at the time of dissolution than it did at the time of the remand hearing. Although Judge Owens found the value of the marital home at the time of the remand, rather than the dissolution, this error was harmless, as the marital home was owned by the parties in equal shares both at the time of the dissolution and the remand hearing.

Ordinarily, "[i]n a dissolution action, marital property is valued as of the date of dissolution . . . ." (Internal quotation marks omitted.) *Wendt* v. *Wendt*, 59 Conn. App. 656, 661, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000); see also *Tobey* v. *Tobey*, 165 Conn. 742, 748–49, 345 A.2d 21 (1974). In *Sunbury* v.

*Sunbury*, 216 Conn. 673, 675–76, 583 A.2d 636 (1990), our Supreme Court considered the date to be used to determine the value of the marital home and a profit sharing plan on remand for reconsideration of the financial orders, i.e., date of dissolution or date of the remand hearing. The court concluded that "[i]n the absence of any exceptional intervening circumstances occurring in the meantime, [the] date of the granting of the divorce would be the proper time as of which to determine the value of the estate of the parties upon which to base the division of property. . . . An increase in the value of the property following a dissolution does not constitute such an exceptional intervening circumstance." (Citation omitted; internal quotation marks omitted.) Id., 676. In *Kremenitzer* v. *Kremenitzer*, 81 Conn. App. 135, 838 A.2d 1026 (2004), this court concluded on the basis of the rule enunciated in *Sunbury*, "[l]ogically, there is no reason why the [dissolution] date should not be used when there has been a decrease in the value of property." Id., 140; see also *Bruno* v. *Bruno*, 132 Conn. App. 339, 354, 31 A.3d 860 (2011) (value as of date of dissolution, not time of contempt hearing, despite diminution in value of brokerage account).

Although Judge Owens found the value of the marital home on the basis of the evidence presented by the parties of the value at the time of the remand hearing, the plaintiff has failed to explain how he was harmed by the court's finding or how the finding prejudiced him in the mosaic of its financial orders. The parties each owned one-half of the marital home at the time of the dissolution and the remand; the diminution in value of the property affected them each equally. For the foregoing reason, the plaintiff's claim fails.

B

The plaintiff also claims that the court denied him due consideration of the claims in his amended complaint. The plaintiff's claim fails because the amended complaint was not properly before the trial court.

In *Oldani I*, the court remanded the dissolution action for a hearing on the financial orders and attorney's fees. Soon after the remand order was issued, the plaintiff filed a request to amend his complaint with an amended complaint that included six counts unrelated to the remand order. Although Judge Owens stated in his memorandum of decision, that in *Oldani* I, the Appellate Court "put the issue of the validity of the prenuptial agreement to rest," he nonetheless permitted the plaintiff to present evidence on his claims. The court considered the plaintiff's fraud claim, but concluded that the fraud "claim is now [a non]existing controversy" in view of the Appellate Court's decision in *Oldani I*. Ultimately, the court rendered judgment on all counts of the amended complaint in favor of the defendant, despite the limited remand order to consider only the financial orders and attorney's fees.

"Well established principles govern further proceedings after a remand by this court. In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from. . . . It is the duty of the trial court on remand to comply strictly with the mandate of [this] court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that [this] court might have directed. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein." (Internal quotation marks omitted.) *Lighthouse Landings, Inc. Connecticut Light & Power Co.*, 300 Conn. 325, 341, 15 A.3d 601 (2011).

In his brief on appeal, the plaintiff claims that his amended complaint was proper in view of language in our Supreme Court's decision in *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997).[8] Specifically, the Supreme Court in *Rizzo Pool Co.* stated that "[w]e have also cautioned, however, that our remand orders should not be construed so narrowly as to prohibit a trial court from considering matters relevant to the issues upon which further proceedings are ordered that may not have been envisioned at the time of the remand. . . . *So long as these matters are not extraneous to the issues and purposes of the remand, they may be brought into the remand hearing.*" (Emphasis added; internal quotation marks omitted.) Id., 65–66.

In *Rizzo Pool Co.*, the consumer defendants prevailed in their appeal from the judgment of the trial court in favor of the plaintiff business and the case was remanded with direction to render judgment in favor of the defendants. See *Rizzo Pool Co.* v. *Del Grosso*, 232 Conn. 666, 657 A.2d 1087 (1995). On remand, the consumer defendants sought attorney's fees pursuant to General Statutes § 42-150bb, which the trial court awarded. *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 61–62. The plaintiff business appealed, claiming that the remand order prohibited the trial court from awarding attorney's fees to the defendants. Id., 65. Our Supreme Court stated that "[t]he relevant circumstances in this case necessarily include the fact that the attorney's fees statute, § 42-150bb, became applicable to the defendants only after the trial court had rendered judgment in their favor, postappeal. Consequently, the trial court was required to look carefully at the words of the appellate mandate in conjunction with the language of the statute in question. Under § 42-150bb, the court has no latitude to deny such an award to a consumer who successfully defends an action brought against him by a commercial party. Therefore, despite the absence of

a specific mandate in the remand order, *attorney's fees were available to the defendants by operation of law*." (Emphasis added.) Id., 66. In the present matter, the plaintiff was not entitled to amend his complaint by operation of law.

*Rizzo Pool Co.* is legally and factually distinguishable from the present case. Counts two through seven of the plaintiff's amended complaint are extraneous to the remand order regarding the court's financial orders. They were not properly before the court. As Judge Owens stated, the matter of the parties' premarital negotiations was decided in *Oldani I*. The court's consideration of and rendering judgment on counts two through seven of the amended complaint, however, exceeded the scope of the remand order. We, therefore, reverse the judgment as to counts two through seven and remand the case with direction to deny the plaintiff's request to amend his complaint and to vacate the judgment as to those counts.

## II

The plaintiff's second claim is that the court improperly refused to hold a hearing on his motion for contempt and did not grant him a proper evidentiary hearing. We disagree.

On August 31, 2012, the plaintiff filed a motion for contempt in which he alleged that on August 7, 2008, Judge Owens entered pendente lite orders against the plaintiff for alimony, child support, and household expenses. The plaintiff also claimed that Judge Owens ordered the defendant to pay the real property taxes on the marital home from June 1, 2008, forward. The plaintiff represented that the defendant had failed to pay the real property taxes due. The plaintiff also alleged that a judgment of marital dissolution was rendered on August 10, 2009.

On appeal, the plaintiff claims that the court initially refused to hear the motion for contempt, and that when the court agreed to hear the motion, it did not give the plaintiff sufficient time to prepare to present evidence. The record discloses, however, that Judge Owens heard the plaintiff's motion for contempt during the course of the remand hearing. In his memorandum of decision, Judge Owens denied the plaintiff's motion for contempt. The plaintiff's claim, therefore, fails.

## III

The plaintiff's third claim is that the court made numerous other errors, which, taken together, substantially interfered with the rights of the parties. We decline to address the plaintiff's claim because it has not been adequately briefed.

The plaintiff's brief, after quoting the applicable standard of review, consists of a series of paragraphs quoting isolated findings or statements of the trial court

extrapolated from the transcript or memorandum of decision. The plaintiff, however, has provided no legal analysis of his several claims and makes reference to certain matters outside the record. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Doyle* v. *Doyle*, 150 Conn. App. 312, 321, 90 A.3d 1024 (2014). An appellant should not expect the court to craft his argument or analysis on the basis of mere claims.

The judgment as to counts two through seven is reversed and the case is remanded with direction to deny the request to amend the complaint and to vacate the judgment as to those counts. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] Following oral argument before this court, we sua sponte ordered the parties to file supplemental briefs to address the following issue: "Whether there is a final judgment in this case where the trial court did not specifically render judgment on all counts of the amended complaint dated January 9, 2012. See *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983), and *Gorelick* v. *Montanaro*, 94 Conn. App. 14, 891 A.2d 41 (2006)." Upon review of the supplemental briefs, the record, and the signed judgment file, which was filed postargument, we conclude that the appeal was taken from a final judgment.

[2] Before the appeal was heard, Judge Pinkus granted the defendant's motion "to terminate the appellate stay with respect to the order requiring the plaintiff to pay one half of the first mortgage, taxes and insurance and all of the second mortgage associated with the marital home" to avoid a foreclosure of the marital home. *Oldani* v. *Oldani*, supra, 132 Conn. App. 613 and n.2. The court found that the defendant could not service the debt and that the plaintiff had the financial ability to comply with the order without suffering irreparable harm. Id., 613 n.2. Thereafter the defendant filed a motion for contempt claiming that the plaintiff had failed to make the required payments regarding the marital home, and was taking unauthorized deductions from his alimony and child support payments to offset money he claimed the defendant owed him. Id., 613. The court granted the defendant's motion for contempt and ordered the plaintiff to pay her $12,463.50. Id., 613–14. The plaintiff filed a motion to modify child support, claiming a substantial change of circumstances. Id., 613. The court effectively denied the motion to modify child support. Id., 614.

[3] On cross appeal, the plaintiff claimed that Judge Pinkus improperly (1) failed to enforce all of the provisions of the prenuptial agreement, (2) deviated from the child support guidelines, (3) calculated the award of attorney's fees as to him, (4) found him in contempt, and (5) denied his motion for modification of child support. *Oldani* v. *Oldani*, supra, 132 Conn. App. 625.

In *Oldani I*, this court addressed only the plaintiff's claim regarding the finding of contempt, as the other claims were encompassed by the resolution of the defendant's claim regarding the enforceability of the prenuptial agreement. Id. This court concluded that Judge Pinkus properly found the plaintiff to be in contempt for failing to pay (1) the defendant monthly alimony of $4166.67 and (2) one-half of the taxes, insurance and first mortgage payments on the marital home, and all of the second mortgage payments. Id., 626. Judge Pinkus found that the plaintiff had "failed to make full payments because he deducted moneys that he believed were owed to him by the defendant." Id., 626–27. The court found that the plaintiff should have known that "he was not permitted to alter the amount he paid in alimony without a subsequent order of the court . . . ." Id., 627. The plaintiff conceded that he had failed to pay the property taxes, insurance and mortgage payments after the court lifted the appellate stay, but claimed that he was unable to make the payments due to a change in his financial circumstances. Id. Judge Pinkus found the plaintiff was not credible and that he had failed to produce real evidence of a change in his financial circumstances. Id., 627–28. This court affirmed the judgment of contempt.

[4] The rescript stated: "The judgment is reversed only as to the finding that the parties' prenuptial agreement is enforceable and the case is remanded for a new hearing as to all financial orders. The judgment is affirmed in all other respects." *Oldani* v. *Oldani*, supra, 132 Conn. App. 628.

[5] See Practice Book § 10-60 regarding the amendment of pleadings.

[6] The propriety of Judge Wolven's ruling on the motion for summary judgment has not been challenged on appeal.

[7] Paragraph 12 of the judgment file states that the "court has carefully considered plaintiff's claim of fraud in the inducement, fraud and negligent misrepresentation as relates to the prenuptial agreement dated December 2, 2002, as well as the prenuptial agreement dated January 6, 2006. In view of the Appellate Court ruling in *Oldani* v. *Oldani*, [supra, 132 Conn. App. 609], and its invalidation of the agreement, this claim is now [a non]existing controversy."

[8] During oral argument before this court, counsel for the plaintiff specifically was asked whether the amended complaint properly was before Judge Owens. Counsel responded that the amended complaint was proper under *Rizzo Pool Co*.

―――――――――――――――――――