### LIBBY LIGHT v. DAVID GRIMES
### (AC 32065)

DiPentima, C. J., and Gruendel and Sheldon, Js.

Argued March 7—officially released June 5, 2012

*Barbara M. Schellenberg,* with whom, on the brief, was *Richard L. Albrecht,* for the appellant (defendant).

*Gary I. Cohen,* for the appellee (plaintiff).

*Opinion*

SHELDON, J. In this marital dissolution appeal, we must determine the effect on certain orders issued in a dissolution decree when a motion for reconsideration of other orders associated with that decree is filed. The defendant, David Grimes, claims that the trial court erred in holding that the parties' marital assets must be valued as of the date on which the dissolution decree was entered. Specifically, the defendant argues that, even though both he and the plaintiff, Libby Light, moved for clarification of the court's order dividing their assets, without seeking reconsideration of that order, the judgment and all orders associated therewith did not become final or effective until a decision was rendered on his motion for reconsideration of other unrelated financial orders, and thus that the date on which the court ruled on the motion for reconsideration constituted the actual date of judgment in this case. The defendant thus contends that the proper date of valuation of the parties' marital assets is the date on which the court ruled on his motion for reconsideration.

We disagree and, accordingly, affirm the judgment of the trial court.

The following factual and procedural history is relevant to the resolution of this appeal. On May 9, 2008, following a contested trial, the court issued a memorandum of decision dissolving the parties' marriage. The court therein issued the following order regarding the division of marital assets: "The assets of the parties shall be divided so that the plaintiff retains 50% of the total value and the defendant retains 50% of the total value . . . ." The court then listed each of the parties' assets, which included real estate and various financial accounts, and assigned a monetary value to each asset as the net equity from the asset to be distributed to each party.

On May 23, 2008, the plaintiff filed a "motion for clarification" of the dissolution decree seeking a "clarification as to whether [the financial] accounts were to be divided in the precise amount[s] set forth in the schedule included in the court's [May 9, 2008] memorandum of decision, or whether one or more of the financial accounts were to be divided according to percentages, taking into account market changes that occurred from the time of the closing of the evidence to the date of judgment and/or to the date of distribution." On May 29, 2008, the defendant filed a "motion to reargue, correct and clarify" the dissolution judgment, asking therein for the court to clarify certain of its orders and to reconsider others. By way of clarification, the defendant, like the plaintiff, asked the court to clarify its order regarding the division of the parties' marital assets, specifically, their financial accounts. The defendant claimed that two of his 401k accounts had declined in value "due to a decline in the stock market since the [dissolution] hearing," and "submit[ted]" that the order regarding the division of those accounts should be "based on [the] actual May 9th values" of those

accounts. Apart from his request for clarification, the defendant asked the court to reconsider or correct other unrelated orders issued at the time of the decree. The defendant asked the court, inter alia, to reconsider and shorten the duration of the alimony award; to reconsider its unallocated child support and alimony award to provide for changes as each child reaches the age of majority; and to issue new orders regarding the expenses associated with the children's extracurricular activities and their medical and dental expenses.[1]

On July 21, 2008, the court held a hearing on both of the parties' aforementioned motions. At that hearing, the plaintiff sought an accounting from the defendant of the parties' financial accounts in order to ascertain the value of those accounts as of the May 9, 2008 date of judgment. The defendant conceded both that there may have been changes in the values of some of the accounts due to market fluctuations between the date of the dissolution hearing and the date of the judgment and that the assets should be valued as of the date of

---

[1] Specifically, the defendant asked the court to reconsider its order of lifetime alimony, suggesting that alimony should be limited to a term of less than twelve years. The defendant also asked the court to reconsider the unallocated child support and alimony award, suggesting that the award should decrease by $3000 as each child reaches the age of majority, and that the award should further decrease when there is no longer a need to pay a babysitter to care for the children. The defendant suggested that the plaintiff should be required to pay for the children's extracurricular activities with the support that he is paying to her. The defendant contested the order that he continue to pay for medical and dental insurance for the minor children because, historically, the plaintiff's sister "provide[d] these services free of charge" and that he should only be required to maintain the insurance in the event the plaintiff's sister no longer provides dental services free of charge. Finally, the defendant also argued that the court referenced four financial accounts as having an " 'undetermined' " value, yet credited him with $20,000 as part of his 50 percent split of assets. Because those accounts were closed and had no value, the defendant sought a credit of $20,000 in other assets to effectuate a true 50 percent division of the parties' assets. We note that these accounts are unrelated to the accounts subject to the order for which the parties sought clarification.

dissolution. He thus agreed to provide to the plaintiff statements of those accounts that portrayed their values as of May 9, 2008. The defendant did not, at any time during that hearing, suggest that the date of judgment, and hence the date of valuation, should be any date other than the May 9, 2008 date of dissolution. The court ordered the defendant to provide the plaintiff with documentation as to the value of the parties' accounts as of May 9, 2008, and then heard the parties' arguments pertaining to the defendant's requests for reconsideration, as set forth in his motion with respect to other aspects of the judgment.

On December 15, 2008, the court issued a "clarification of the [May 9, 2008] memorandum of decision," in which it stated: "The plaintiff seeks clarification as to whether the order dividing investment assets of the parties are to be divided according to percentages taking into account market fluctuations occurring from the time of the closing of evidence to the date of judgment and/or to the date of distribution. The assets are to be divided according to percentages taking into account market fluctuations to the date of judgment." In response to the defendant's request for reargument, the court declined to change the term of alimony; agreed that the unallocated award should decrease by $3000 per month as each child reaches the age of majority, yet declined to address the issue of the cost of the babysitter; agreed that the plaintiff should pay for the expenses related to the children's extracurricular activities; and eliminated the order requiring the defendant to maintain medical and dental insurance for the children, but ruled that it could be modified in the event that there is no coverage in the future. As to the defendant's claims regarding the division of the parties' assets, the court held that the defendant should be credited with $20,000, as the defendant had requested.

Thereafter, on January 12, 2010, the plaintiff filed a request for "articulation that the date of judgment is the date upon which the court's original memorandum of decision was filed, namely May 9, 2008." The plaintiff claimed that an articulation in this regard was necessary because "the defendant continue[d] to resist division of the [financial] accounts, claiming that the date of judgment is a date upon which the court ruled on various postjudgment motions for clarification and reargument." The defendant summarily objected to the plaintiff's motion "[i]n light of [the] plaintiff's improper averments" contained therein, and sought oral argument on the issue. The court held a hearing on February 8, 2010.[2] Thereafter, on February 18, 2010, the trial court issued a decision in which it summarily held that "the date of judgment is May 9, 2008." The defendant appealed from that decision. On September 6, 2011, pursuant to this court's order for articulation, the court issued a clarification of its February 18, 2010 order. The court explained that: "The date of judgment is May 9, 2008. The date of the court's ruling on the plaintiff's motion for clarification cannot as a matter of law be the basis for the date of judgment. A motion for clarification is a postjudgment motion which does not modify or alter the substantive terms of a prior judgment."

The sole issue for our determination in this appeal is whether the court properly held that the appropriate date of valuation of the parties' marital assets, for purposes of the distribution of those assets, was the date of its original decree, May 9, 2008. This issue is well settled and is controlled by our Supreme Court's ruling in *Sunbury* v. *Sunbury*, 216 Conn. 673, 676, 583 A.2d 636 (1990), in which the court held that, in a marital dissolution action, the date of valuation of marital

---

[2] In the transcript of this hearing, other proceedings are referenced by the parties. The only transcripts provided to this court, however, were those for the July 21, 2008 and February 8, 2010 hearings.

assets is the date that the dissolution decree is rendered. In *Sunbury*, following an appeal from a judgment of dissolution, the court remanded the case to the trial court for a redetermination of the financial orders because it had incorrectly calculated the husband's income. Id., 674–75. In the time period between the date of dissolution and the proceedings on remand, the value of the husband's profit sharing plan had quadrupled. Id., 675–76. Consequently, the wife appealed from the trial court's new financial orders, arguing that it should have valued the parties' assets as of the date of remand, rather than the date of dissolution. Id., 675. Our Supreme Court rejected the wife's claim, holding that: "The division of property . . . in dissolution proceedings [is] governed by General Statutes [§] 46b-81 (a) . . . . Section 46b-81 (a) provides in part: *At the time of entering a decree* . . . dissolving a marriage . . . the superior court may assign to either the husband or wife all or any part of the estate of the other. . . . The only temporal reference in the enabling legislation refers us to the time of the decree as controlling the entry of financial orders. It is neither unreasonable nor illogical, therefore, to conclude that the same date is to be used in determining the value of the marital assets assigned by the trial court to the parties. In the absence of any exceptional intervening circumstances occurring in the meantime, [the] date of the granting of the divorce would be the proper time as of which to determine the value of the estate of the parties upon which to base the division of property. . . . An increase in the value of the property following a dissolution does not constitute such an exceptional intervening circumstance. . . . To the extent that the [wife] seeks consideration of a postdecree appreciation in the value of property, such appreciation, having occurred after the termination of the marriage, is no longer a marital asset."[3]

---

[3] The court in *Sunbury* also noted the importance of its holding as it pertains to periodic support orders, which is instructive to our analysis regarding the valuation of assets. The court stated: "Further, General Statutes

(Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 676. "Such a construction of our dissolution statutes also comports with well recognized principles regarding the finality of actions. It is not in the public interest . . . to condone a procedure which would permit a plaintiff to litigate the same question over and over again, encumbering the mechanisms our society has established to resolve disputes . . . . Litigation must end at some point." (Internal quotation marks omitted.) Id., 677.

The defendant argues that *Sunbury* is distinguishable from this case because he had filed a postjudgment motion for reconsideration which, he contends, rendered the initial May 9, 2008 judgment invalid. Here, however, the parties did not seek reargument or reconsideration of the court's order dividing the parties' marital assets, but, rather, sought a clarification of the court's order regarding the value of the parties' financial accounts. Practice Book § 63-1 (c) (1) provides in relevant part: "Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment; a new trial; the setting aside of the verdict; judgment notwithstanding the verdict; reargument of the judgment or decision; collateral source reduction; additur; remittitur; or any alteration of the terms of the judgment.

*"Motions that do not give rise to a new appeal period include those that seek: clarification or articulation,*

§ 46b-86 sets up a separate and distinct procedure for the modification of orders of alimony and support after the date of a dissolution judgment. This statute authorizes modifications upon a showing of a substantial change in the circumstances of either party. In view of a procedure that authorizes modifications based upon a substantial change, it becomes important to fix the parties' circumstances at some point in time to serve as a bench mark from which the substantial change required by § 46b-86 may thereafter be measured." (Internal quotation marks omitted.) *Sunbury* v. *Sunbury*, supra, 216 Conn. 676–77.

*as opposed to alteration, of the terms of the judgment
or decision; a written or transcribed statement of the
trial court's decision; or reargument of a motion listed
in the previous paragraph."*[4] (Emphasis added.)

"[T]he purpose of a clarification is to take a prior statement, decision or order and make it easier to understand. Motions for clarification, therefore, may be appropriate where there is an ambiguous term in a judgment or decision . . . but, not where the movant's request would cause a substantive change in the existing decision. Moreover, motions for clarification may be made at any time and are grounded in the trial court's equitable authority to protect the integrity of its judgments." (Citation omitted.) *In re Haley B.*, 262 Conn. 406, 413, 815 A.2d 113 (2003).

The defendant acknowledges that he, like the plaintiff, sought only a clarification of the court's May 9, 2008 order dividing the parties' financial accounts. He admits that neither he nor the plaintiff sought reconsideration of that order. In fact, the defendant emphatically argued that, as to the division of assets, the only motion pending was a motion for clarification, not a motion for reargument or reconsideration. At oral argument before the trial court, moreover, the defendant had no objection to the plaintiff's motion for clarification. The

---

[4] Additionally, Practice Book § 11-11 provides for "Motions which Delay the Commencement of the Appeal Period or Cause the Appeal Period to Start Again," and states: "Any motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again, shall be filed simultaneously insofar as such filing is possible, and shall be considered by the judge who rendered the underlying judgment or decision. The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Section 11-11 motion. The foregoing applies to motions to reargue decisions that are final judgments for purposes of appeal, but shall not apply to motions under Sections 16-35, 16-36 and 11-12."

defendant acknowledged that the values of some of the parties' financial accounts were subject to fluctuation and that the appropriate value to ascribe to each account should be established as of the May 9, 2008 date of judgment.[5] Indeed, the defendant had sought

[5] The following excerpts from the transcript of the July 21, 2008 hearing on the parties' postjudgment motions, is revealing as to the defendant's position on the date of judgment and finality:

"[The Plaintiff's Counsel]: The issue is . . . that [the defendant] should update the numbers in his accounts as of the date judgment. . . . [W]e're asking that he be ordered to update and that the court clarify its order to be that the value of the account as of the date of judgment should be divided otherwise you're dealing with information that was stale. . . .

"[The Defendant's Counsel]: Your Honor, *I don't have much of a quarrel on this issue.* . . . I assume that is what he is seeking an order with, whether one or more of the financial accounts were to be divided according to percentages taking into account market changes. . . . If it's an account that is subject to a market change *I have no objection* to an order, and I think it's appropriate to get an order, because they go up and down.

"Enter using the percentage basis based upon the relationship that Your Honor established in the decision, and applying that percentage to the value of the account *as of the date of judgment the close of business on the date of judgment.* That way his client would be protected and my client would be protected on ups and downs."

In response to the plaintiff's request that the court order the defendant to produce statements of all of the financial accounts, the defendant acceded as follows:

"[The Defendant's Counsel]: . . . I will give you the actual copies of the actual statements of those accounts with values as of the close of business on the date of Your Honor's decision. If there is anything further beyond that, if we can't implement beyond that, it's to be divided in the percentages *that you established in your decision.* . . .

\* \* \*

"[The Defendant's Counsel]: Your Honor . . . . *This is not a motion to reargue. This is a motion to clarify and you have to look at the motion to see what [the plaintiff's counsel] requested.* He requested—whether . . . [w]hether one or more of the financial accounts were divided in accordance to percentages taking into account market changes. That is what it was about. . . .

"I think you could give h[er], and I agree with that, what [s]he is asking for in the motion and that is accounts that were subject to market changes—any accounts, investment accounts, 401k accounts, pension accounts, anything that was subject to market changes and it will be effective as of the date of judgment. There is no case that has ever been tried in this world where something didn't happen between the time at the end of the trial and

## the same clarification in his own postjudgment motion.[6]

the time of the judgment, and we know that. *There is going to be ups and downs for both of them in that, but you can't now reargue and say you have to take evidence on further information on other accounts that are not subject to market changes, that's not right, you're reopening the evidence.*

"[The Plaintiff's Counsel]: If Your Honor's order is that the account as to the date of judgment were to be divided by percentages then we are entitled to know what was in the account from the date of judgment. . . . We are entitled to the statements of the accounts that you intended to divide *as of the date of judgment.* . . .

"[T]hat's the purpose for the motion to clarify. If you intended it to be percentages, percentages of what? . . .

"[The Defendant's Counsel]: I am sorry, Your Honor, that [the plaintiff] does not trust her *former* husband, that is not my issue. *The case was closed, we finished the case. He has not filed a motion to reopen the case or to reargue the matter. He does not get discovery in a general sense because he thinks it's fair. These things have to come to an end in some way.*

"You file a motion, and *I don't dispute* [*t*]*his motion,* I think on accounts that were subject to market changes [s]he is entitled to that because there is going to be ups and downs for both of them, but to start going into other accounts now because his client doesn't trust. She had her opportunity at the trial to cross-examine my client.

"I'm not asking for her accounts and what happened in her accounts between the time at the end of the trial and the date of the judgment. This will go on forever because if you're going to do for one then you're going to do for the other. We are going to start examining and have discovery on what happened in the roughly 120 day period between the end of the trial. It has just got to end somewhere with these folks, please. That is my response.

"[The Plaintiff's Counsel]: . . . You divided certain accounts, did you intend to divide them as they existed on the date of judgment or did you intend to divide them as of September 30, and that is the question, and that is why we move to clarify. . . .

"We would like to know what it was as of the date of judgment, and you are the only one who could tell us that. . . . What did you intend? That is why it's called a motion to clarify. . . .

"[The Defendant's Counsel]: The intention of the court is clear in its decision. You made an award a specific dollar award, as a matter of fact specific dollars and cents in each of these accounts. You made an award. Now, [the plaintiff's counsel] says, I'm not so sure because there may be market fluctuations in the accounts between the date of the award and four months later when the judgment entered.

"Between today and tomorrow it is going to change and it has to end somewhere. I thought you ended it but I was willing to accommodate [the plaintiff's counsel's] motion by agreeing to clarify and amend the order so as to take into account the market fluctuation. I am not agreeing to reopen his financial affidavit and go through every single account of his.

Nevertheless, the defendant now contends on appeal that even though the court's clarification of the May 9, 2008 judgment, alone, had no substantive effect on the terms of the May 9, 2008 judgment, the filing of his motion for reconsideration of some of the other May 9, 2008 orders suspended the finality of the May 9, 2008 judgment *in its entirety*, and the subsequent orders, which were limited to certain financial issues, rendered all of the orders issued in the May 9, 2008 judgment invalid. In his own words, the defendant contends that, because the court reconsidered certain orders that were rendered in the dissolution judgment, "[t]here is simply no reasonable way to construe [the December 15, 2008] decision as anything but the final judgment that rendered the May 9, 2008 judgment ineffective." In fact, the defendant claims that the relevant date of judgment would have been December 15, 2008, even if the court had denied his motion for reconsideration. On that basis, the defendant claims that the marital assets should be valued as of December 15, 2008. We disagree.

We first note that the defendant has provided no authority,[7] and we are aware of none, for his position

"The Court: I understand. I see the motion for clarification specifically talks about the market changes that occurred from the time of the closing of the evidence to the date of judgment and/or to the date of distribution. . . ." (Emphasis added.)

[6] On page four of his postjudgment motion, the defendant argues: "The court's opinion references the [defendant's] LLG&M 401k plan as having $279,914 in value, when in fact, on May 12, 2008, it had only $267,368, due to a decline in the stock market since the hearing. The [defendant's] Reed Smith 401k plan has experienced a similar decline in value since the hearing date. [The (defendant) respectfully submits that the amounts referenced *in the May 9, (2008)* order should be paid, on a pro rata basis based on actual *May 9, (2008)* values of the 401k plans.]" (Emphasis added.)

[7] In support of his position, the defendant cites to *Weinstein* v. *Weinstein*, 275 Conn. 671, 882 A.2d 53 (2005). Our holding here, however, is not inconsistent with the court's decision in *Weinstein* because *Weinstein* involved a motion for reconsideration of the issue ultimately appealed, not a motion for clarification of that issue, a distinction that the court in *Weinstein* itself acknowledged. Id., 699.

that the filing of a motion for reconsideration of some orders rendered in a dissolution judgment invalidates the judgment in its entirety.[8] Further, the defendant's argument fails for practical reasons. It is curious what effect the defendant's reasoning would have on the other orders that the court issued in its May 9, 2008 judgment of dissolution. If we were to accept the defendant's claim that the court's December 15, 2008 ruling invalidated the May 9, 2008 judgment in its entirety, the only orders that would remain in effect associated with the parties' dissolution proceedings would be those that the court rendered on December 15, 2008, which were limited to certain financial orders. There would be no orders providing for the custody and visitation of the parties' children. There would also be no orders regarding the parties' real property, tax liabilities or counsel fees. More fundamentally, perhaps, there would be no judgment dissolving the parties' marriage. The potential ramifications of the defendant's reasoning, if applied, are, to say the least, troubling.[9]

The case at hand involves the valuation of the parties' *marital* assets. The court derives its authority to divide marital assets solely from the statute, which provides that a court may do so *at the time of the entering of a decree dissolving the marriage.* Thus, it stands to reason that the date on which the values of those assets

[8] Indeed, if the filing of a motion for reconsideration invalidated all of the orders rendered on May 9, 2008, there would have been no need for the court to attempt to clarify any of the orders contained therein.

[9] We further note that the defendant's claim is belied by his own actions in that he did not, nor did he seek to, submit, in support of his motion for reconsideration, new evidence regarding the value of the parties' assets. If we were to apply the defendant's reasoning to the facts at hand, the defendant's alleged date of judgment, December 15, 2008, would have no basis in fact in that the court had no way of knowing the value of the parties' accounts at that time. Without that information, all of the court's financial orders, not only those dividing the parties' assets, but potentially also periodic support orders, would be askew.

must be determined is the date of the decree, for anything that occurs subsequent to that date is simply not relevant to the value of the *marital* assets. Accordingly, the court properly determined that the date of valuation of the parties' assets is the date of dissolution, May 9, 2008.

The judgment is affirmed.

In this opinion the other judges concurred.