******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID W. COLEMAN *v.* SUSAN COLEMAN
(AC 35306)

Beach, Sheldon and Bishop, Js.

*Argued May 15—officially released July 15, 2014*

(Appeal from Superior Court, judicial district of Danbury, Hon. Sidney Axelrod, judge trial referee.)

*Daniel J. Klau*, for the appellant (plaintiff).

*Helen Allen*, for the appellee (defendant).

*Opinion*

BISHOP, J. The plaintiff, David W. Coleman, appeals from the judgment of the trial court dissolving his marriage to the defendant, Susan Coleman, and entering related financial orders. On appeal, the plaintiff claims that the court abused its discretion in awarding the defendant one half of the balance of a $1 million inheritance received by the plaintiff during the course of their marriage. We affirm the judgment of the trial court.

In its December 11, 2012 memorandum of decision dissolving the parties' marriage, the court found the following relevant facts. The parties were married on June 27, 1975, and, during the course of the marriage, they had two children, the younger of whom was nineteen years old at the time of the dissolution. In 1983, after the birth of the parties' older child, the defendant stopped working outside the home and remained a full-time homemaker throughout the marriage. The parties separated in July, 2010, when the defendant moved to New Mexico to reside with her parents. In New Mexico, the defendant began work, earning a gross weekly income of $424. That employment ceased, however, due to her employer's bankruptcy. The court found that the defendant has an earning capacity of $400 per week.

As of 2012, the plaintiff was employed as a consulting programmer for IBM earning an annual salary of approximately $186,264, plus bonus. In 2012, the plaintiff's gross salary and bonus totaled $3758 per week before deductions. In his financial affidavit, the plaintiff reported that his net weekly income in 2012 was approximately $2846. In 2007, the plaintiff received an inheritance of approximately $1 million from his mother's estate. In the ensuing years prior to the marital dissolution, the principal of this inheritance was substantially diminished due to market conditions and investment choices. As of the date of the marital dissolution, the plaintiff had $184,886 of this inheritance in a Morgan Stanley IRA and $592,627 in a separate Morgan Stanley account. The defendant, as well, received funds from her family, approximately $119,000, during the marriage. By the time of the marital dissolution, however, these funds had been depleted by expenditures for family needs.

At the time of the judgment of dissolution, the parties had several joint bank accounts and their family home had a fair market value of $300,000, subject to certain liens and home equity lines totaling $34,763.[1] Furthermore, the plaintiff owned two cars, personal items, multiple checking accounts, multiple IRA accounts, an IBM 401 (K), an IBM pension, multiple brokerage accounts, an IBM Employee Stock Purchase Plan, a Morgan Stanley account, and another investment account account with an aggregate value, in accordance with the plaintiff's financial affidavit, of $2,359,635.42.

The court ordered the plaintiff to pay the defendant $132,619 in exchange for all of her rights, title, and interest in and to the family home, and alimony in the amount of $1000 per week. Additionally, the court ordered, inter alia, an equal division of all bank accounts, brokerage accounts, and IRA accounts, including the two Morgan Stanley accounts holding the balance of the inheritance that the plaintiff had received from his mother. This appeal followed. Additional facts will be set forth as necessary.

The sole issue on appeal is whether the court abused its discretion in awarding the defendant one half of the remaining balance of the inheritance that the plaintiff had received in 2007. Specifically, the plaintiff argues that the court abused its discretion by dividing his inheritance in half without any evidence that the defendant contributed to its acquisition, preservation, or appreciation. In addition, the plaintiff asks this court to conclude, as a matter of policy, that there is a difference between inherited property and other types of property subject to the equitable distribution factors under General Statutes § 46b-81 (c) and, accordingly, that inherited assets should be treated in a manner unlike other assets subject to distribution at the time of marital dissolution.

At the outset, we set forth the applicable standard of review. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Gervais* v. *Gervais*, 91 Conn. App. 840, 843, 882 A.2d 731, cert. denied, 276 Conn. 919, 888 A.2d 88 (2005). "In reviewing the trial court's decision under [the abuse of discretion] standard, we are cognizant that [t]he issues involving financial orders are entirely interwoven. The rendering of judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) Id., 844.

We turn now to the relevant legal principles that govern the plaintiff's claim on appeal. "The division of property . . . in dissolution proceedings [is] governed by . . . [§] 46b-81 (a)." (Internal quotation marks omitted.) *Light* v. *Grimes*, 136 Conn. App. 161, 167, 43 A.3d 808, cert. denied, 305 Conn. 924, 47 A.3d 885 (2012). Section 46b-81 (a) provides in relevant part: "At the time of entering a decree . . . dissolving a marriage . . . the Superior Court may assign to either the husband or wife all or any part of the estate of the other. . . ." Additionally, "§ 46b-81 (c) directs the court to consider numerous separately listed criteria in distrib-

uting marital property at the time of the dissolution judgment." *Cottrell* v. *Cottrell*, 133 Conn. App. 52, 56, 33 A.3d 839 (2012). Section 46b-81 (c) provides in relevant part: "In fixing the nature and value of the property, if any, to be assigned, the court . . . shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

Importantly, "[a] fundamental principle in dissolution actions is that a trial court may exercise broad discretion in . . . dividing property as long as it considers all relevant statutory criteria." (Internal quotation marks omitted.) *Boyne* v. *Boyne*, 112 Conn. App. 279, 282, 962 A.2d 818 (2009). "While the trial court must consider the delineated statutory criteria [when allocating property], no single criterion is preferred over others, and the court is accorded wide latitude in varying the weight placed upon each item under the peculiar circumstances of each case. . . . In dividing up property, the court must take many factors into account. . . . A trial court, however, need not give each factor equal weight . . . or recite the statutory criteria that it considered in making its decision or make express findings as to each statutory factor." (Citations omitted; internal quotation marks omitted.) *Lopiano* v. *Lopiano*, 247 Conn. 356, 374–75, 752 A.2d 1000 (1998). "Generally, we will not overturn a trial court's division of marital property unless it misapplies, overlooks, or gives a wrong or improper effect to any test or consideration which it was [its] duty to regard. . . . We must, however, consider, the paramount purpose of a property division pursuant to a dissolution proceeding [which] is to unscramble existing marital property in order to give each spouse his or her equitable share at the time of dissolution." (Internal quotation marks omitted.) *Rozsa* v. *Rozsa*, 117 Conn. App. 1, 4, 977 A.2d 722 (2009).

In the present case, the court's memorandum of decision dissolving the parties' marriage had two distinguishable sections. In the initial section, the court set forth its factual findings. At the end of this section, the court indicated that it had "considered the provisions of § 46b-81 (c) regarding the issue of property division." Subsequently, in the second section, the court set forth six orders regarding the dissolution of the parties' marriage and the distribution of marital assets. The court's memorandum of decision reflects that the court considered the statutory criteria set forth in § 46b-81 (c) when it awarded the defendant one half of the remaining inheritance from the plaintiff's Morgan Stanley accounts. Although the law does not require the court

to make express findings as to each of the statutory criteria set forth in § 46b-81 (c) so long as the court considers all of the statutory factors, the court's decision contains references to the parties' health, the amount and sources of their respective incomes and the defendant's earning capacity, and the estates and needs of each of the parties. Additionally, as noted, the court affirmed that it did, indeed, consider all of the factors set forth in § 46b-81 (c) in formulating its orders. On the basis of these considerations, we do not find any abuse of discretion by the court in its award to the defendant of an amount equal to one half of the plaintiff's remaining inheritance as part of its equitable distribution power under § 46b-81 (a). We conclude, therefore, that in framing its property distribution awards, the court did not abuse its discretion.

Nor are we persuaded by the plaintiff's policy argument. As noted, the plaintiff urges this court to conclude that when one spouse inherits from his or her family, the amount of that inheritance should be separated from other assets acquired during the course of the marriage and the court, in treating an inherited asset, should place particular weight on the failure of the noninheriting spouse to contribute at all to the acquisition of the inheritance. It is noteworthy that in making this argument, the plaintiff would have this court ignore his own lack of participation in the acquisition of this inherited asset.

In sum, although the plaintiff concedes, as he must, that an inheritance received by one of the parties before the dissolution of a marriage constitutes part of that person's estate subject to assignment under § 46b-81, the plaintiff would have this court carve out a special exception for inheritances under § 46b-81 in light of the trial court's statutory obligation to consider the contribution of each of the parties to the acquisition, preservation, or appreciation in value of their estates. Acceding to the plaintiff's argument would require this court to modify and not merely interpret statutory law. Such a measure is beyond the ambit of the judiciary. See, e.g., *State* v. *DeJesus*, 288 Conn. 418, 456 n.25, 953 A.2d 45 (2008) ("under [the] separation of powers provisions of [the] state and federal constitutions the task of the legislative branch is to draft and enact statutes, and the task of the judicial branch is to interpret and apply them in the context of specific cases" [internal quotation marks omitted]). Drafting and modifying legislation is uniquely the function of the legislative branch. If the plaintiff wishes for inheritances to be given special consideration under § 46b-81, his argument should be made to the branch of government charged with enacting statutes and not to the branch charged with faithfully applying the law.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] There was an additional encumbrance of $25,000, which the court attributed solely to the plaintiff. This determination is not at issue in this appeal.